IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

SANDRA GRAY,                          *

    Plaintiff,                        *

vs.                                   *

                                  CASE NO. 3:22-CV-76 (CDL)

THE BANK OF NEW YORK MELLON, *et* *
*al.*,

                                              *

    Defendants.                       *
_____       *

O R D E R

Sandra Gray's late husband obtained a refinance loan secured by property that Gray owned as the sole owner. Gray's signature appeared on closing documents for the refinance loan, including the security deed. Gray insisted that she did not sign the security deed, but a jury concluded that she did not prove by a preponderance of the evidence that she did not sign the security deed. Jury Verdict Form, ECF No. 110 in 3:17-cv-153 (CDL).

Gray claims that after the 2019 trial regarding the security deed, Defendants—the assignee of the security deed and two loan servicers—asserted that Gray defaulted on the loan, and they initiated foreclosure proceedings. The property was sold at a non-judicial foreclosure sale, and Gray filed an emergency motion to vacate the sale in the Superior Court of Walton County, naming Defendants as respondents. Before Gray served

any Defendant with the summons and a copy of the motion/ complaint, Defendants removed the action to this Court based on diversity jurisdiction.  They subsequently filed a motion to dismiss because (1) Gray never served any of them with a summons or copy of the Complaint in accordance with the applicable rules and (2) Gray's seven-paragraph complaint does not state a claim against Defendants under Federal Rule of Civil Procedure 12(b)(6).[1]

Gray did not respond to the motion to dismiss.  Instead, she filed a motion for joinder of parties and a motion to remand to the Superior Court.  She seeks to add two limited liability companies as Defendants, one of which appears to be the law firm that handled the foreclosure sale and the other of which appears to be the entity that purchased the property.  Gray did not explain the basis for her claims against these two entities, but she does contend that if the two LLCs are added, that would destroy diversity jurisdiction.  Gray did not, however, make any allegations about the citizenship of the members of the two LLCs, so the Court cannot determine the citizenship of the LLCs from the present record.  *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.

---

[1] Defendants also argue that to the extent Gray claims that the property was not encumbered by the security deed, that claim is barred by collateral estoppel.  Defendants further assert that Gray cannot set aside the foreclosure sale without a valid tender of the amounts due under the loan.

2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."). Accordingly, even if the Court were to grant the motion for joinder, the record does not establish that diversity of citizenship would be destroyed, so the motion to remand (ECF No. 15) is denied.

To date, Gray has not filed a proof of service for any Defendant, and the action has been pending in this Court for more than ninety days. After Defendants raised this deficiency in their motion to dismiss, Gray did not cure it or show good cause why she failed to serve Defendants. Accordingly, dismissal without prejudice is appropriate under Federal Rule of Civil Procedure 4(m). Moreover, Gray's present complaint does not meet the applicable pleading requirements because it does not contain sufficient factual matter to state a plausible claim against the Defendants. Although Gray seems to be asserting a claim in the nature of wrongful foreclosure, there are no specific factual allegations about how each Defendant breached a legal duty it owed to Gray or the causal connection between each Defendant's breach of duty and Gray's injuries. Defendants pointed out these deficiencies in their motion to dismiss, but Gray did not file an amended complaint or otherwise seek to cure the deficiencies. Since the present complaint fails to state a claim and since Gray did not try to cure the deficiencies, it is dismissed without prejudice.

CONCLUSION

For the reasons set forth above, Gray's motion to remand (ECF No. 15) is denied.  The Court grants Defendants' motion to dismiss (ECF No. 9).  The dismissal is WITHOUT prejudice.

IT IS SO ORDERED, this 5th day of December, 2022.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA